UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARVIN JOSE GUIFARRO PADILLA
(A-Number: 205 879 003),

Petitioner,

v.

WARDEN, CALIFORNIA CITY
CORRECTIONAL CENTER, et al,

Respondents.

No.  1:26-cv-04543-KES-FJS (HC)

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS AND REQUIRING
IMMEDIATE RELEASE

Doc. 1

Petitioner Marvin Jose Guifarro Padilla is a 20-year-old immigration detainee proceeding pro se with a petition for writ of habeas corpus.  Doc. 1.  The Court has previously addressed the legal issues raised by the petition.  *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition.  Doc. 5.  Respondents acknowledge that

1

this case raises the same due process issues as the cases mentioned above, but they argue that this case is distinct because over two years ago, in 2024, when petitioner was seventeen years old, he was arrested in Florida for possessing a controlled substance and for failure to register a motor vehicle.  Doc. 5 at 3; *see* Doc. 5-2.  It appears from the record that petitioner was placed in a pre-trial diversion program for the controlled substance offense and that the charge for failure to register a motor vehicle offense was dropped.  *See* Doc. 5-2.  Under Florida law, a first-time offender may be placed in a pre-trial diversion program, and upon the successful completion of the program, the charge is dismissed.  *See* Fla. Stat. Ann. § 948.08.  Respondents provide no evidence that petitioner failed to satisfactorily complete the diversion program or that petitioner has any conviction.  *See* Doc. 5.

Respondents appear to argue that, if the Court grants relief, relief should be limited to a bond hearing, rather than immediate release.  *See id.*  But courts typically require evidence of urgent concerns or an especially strong government interest to justify a post-deprivation, rather than a pre-deprivation, hearing.  *See Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1036 (N.D. Cal. 2025); *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53, 59–61 (1993) ("We tolerate some exceptions to the general rule requiring predeprivation notice and hearing, but only in extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event[,]" such as "executive urgency." (internal quotations omitted)).  Respondents do not identify any urgent concerns that would warrant a post-deprivation, rather than pre-deprivation, hearing in this case.

As respondents have not identified any pertinent factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025), *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas corpus is GRANTED, for the reasons addressed in those prior orders.

Respondents are ORDERED to release petitioner Marvin Jose Guifarro Padilla (A-Number: 205 879 003) immediately.  Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to close this case and enter judgment for petitioner.  The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated:    July 9, 2026

_____
UNITED STATES DISTRICT JUDGE